UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANNAMAE WILLIAMS,
                             Plaintiff,

v.                                        6:02-CV-1276
                                        (DNH/GHL)
COMMISSIONER OF SOCIAL SECURITY,
                             Defendant.
_____

APPEARANCES:                              OF COUNSEL:

OFFICE OF STEPHEN J. MASTAITIS, JR.      STEPHEN J. MASTAITIS, JR. ESQ.
*Counsel for Plaintiff*
1412 Route 9P
Saratoga Springs, New York 12866

HON. GLENN T. SUDDABY                WILLIAM H. PEASE, ESQ.
United States Attorney for the                Assistant United States Attorney
 Northern District of New York
*Counsel for Defendant*
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION[1]

**I.    BACKGROUND**

    **A.    Procedural History**

Plaintiff filed an application for supplemental security income ("SSI") on July 1, 1998. (Administrative Transcript ("T") at 73-75.) The application was denied initially and upon reconsideration. (T. at 59, 66.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") which was held on October 1, 1999. (T. at 40-58.) On November 23, 1999, the ALJ

---

    [1] This matter was referred to me for report and recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3.

issued an unfavorable decision finding that Plaintiff was not disabled. (T. at 21-28.)

Plaintiff appealed to the Appeals Council, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on August 12, 2002. (T. at 4-5.) Plaintiff commenced this action on October 8, 2002. (Dkt. No. 1.)

### B. The Contentions

Plaintiff has raised three issues. However, her brief is not a model of clarity. For example, Plaintiff's "Point Three" heading states: "[t]he Administrative Law Judge's decision to not accord controlling weight to the opinion of plaintiff's physicians is not supported by law." Dkt. No. 12 at 6. Regrettably, Plaintiff does not cite to any such "decision" by the ALJ, nor does she identify the opinions that she claims were not given controlling weight.

In any event, this Court will not address Plaintiff's contentions. Instead, for a reason not raised by Plaintiff and therefore not discussed in the parties' briefs, the Court recommends remand.

## II. THE PLAINTIFF

Plaintiff was born on November 25, 1967. (Dkt. No. 12 at 2.) She completed the tenth grade and has a general equivalency diploma. (*Id.*) She previously worked as a part-time telemarketer, cleaning person, cashier, seasonal box packer, and data entry clerk. (*Id.*) Plaintiff alleges disability due to, *inter alia*, pain in her neck and left shoulder, insomnia, depression, and various gastrointestinal ailments. (Dkt. No. 12 at 2-3.)

## III. THE ALJ'S DECISION

At step one of the five step sequential evaluation process to determine disability (20 C.F.R. § 416.920 (2005)), the ALJ found that Plaintiff was not engaged in any substantial gainful

activity. (T. at 27.) At steps two and three, the ALJ found that Plaintiff had severe impairments,[2] but that none met or equaled a listed impairment. (*Id.*) At step four, the ALJ found that Plaintiff did not have any acquired work skills which could be transferred to other work, and at step five, the ALJ applied the Medical-Vocational Guidelines (the "Grid"), which directed a conclusion of not disabled.

## V.   DISCUSSION

### A.   Plaintiff's Non-Exertional Limitations

Under "Point One" of her brief Plaintiff seems to be arguing that the ALJ's decision that Plaintiff can perform light and sedentary work is not supported by substantial evidence because her significant non-exertional limitations[3] preclude her from performing such work. In this respect she cites extensively in her brief to Physical and Mental Residual Functional Capacity Assessments ("RFC Assessments") performed by Richard B. Weiss, M.D., a "State agency physician."[4] The Defendant too relies upon Dr. Weiss' statements. These are the only RFC Assessments contained in the record. Regrettably, in his Decision the ALJ does not mention Dr. Weiss or his RFC Assessments.

Dr. Weiss completed a Psychiatric Review Technique form on October 9, 1998, in which he found that Plaintiff had symptoms of an affective disorder, an anxiety related disorder, and a

---

[2] The ALJ found that Plaintiff's impairments (including peptic ulcer disease, gastroesophageal reflux disease, pyloric channel spasm, subjective cervical and shoulder pain, and minor depression) **in combination** could be severe. (T. at 25.)

[3] In her "Statement of the Issues" and her point heading for her first argument, Plaintiff uses the term "subjective impairments" which this Court interprets to be synonymous with non-exertional limitations, since, in her argument, Plaintiff uses the term "non-exertional limitations" instead of "subjective impairments." (Dkt. No. 12 at 1, 3-5.)

[4] Dr. Weiss is identified as a "State agency physician" in Defendant's brief. (Dkt. No. 15 at 6.)

substance addiction disorder. (T. at 220, 221, 223.) Dr. Weiss opined that these disorders caused no restriction of activities of daily living, caused slight difficulty in maintaining social functioning, and often caused deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner. (T. at 224.) In his Mental RFC Assessment, Dr. Weiss found that Plaintiff was moderately limited in her ability to understand and remember detailed instructions; carry out detailed instructions; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and to set realistic goals or plans independently of others. (T. at 226-229.)

As indicated, Dr. Weiss is a State agency physician, and there is no indication in his reports that he examined Plaintiff, and there obviously is no evidence of an "ongoing treatment relationship" with her. Therefore, Dr. Weiss was not a "treating source"[5] for Plaintiff, and the ALJ did not have to give Dr. Weiss' opinions controlling weight. *See Torres v. Barnhart*, Civ. No. 01-6051, 2005 WL 147412, at *6 (E.D.N.Y. Jan. 24, 2005) ("Unlike the opinions of treating physicians, opinions of state-agency medical consultants are not presumptively entitled to any particular weight.").

Nevertheless, 20 C.F.R. § 416.927(f)(2)(i) provides, in part:

. . . State agency medical and psychological consultants and other

---

[5] "Treating source" is defined as a claimant's own physician, psychologist, or other acceptable medical source who provides the claimant with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with the claimant. 20 C.F.R. § 416.902 (2005). The regulation goes on to state, "[g]enerally we will consider that you [the claimant] have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s)." *Id.*

> program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. Therefore, administrative law judges *must consider* findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence, except for the ultimate determination about whether you are disabled.

20 C.F.R. § 416.927(f)(2)(i) (2005) (emphasis added). Furthermore,

> [A]t the administrative law judge and Appeals Council levels of the administrative review process, medical and psychological consultant findings about the nature and severity of an individual's impairment(s), *including any RFC assessments*, become opinion evidence. Adjudicators at these levels, including administrative law judges and the Appeals Council, must consider these opinions as expert opinion evidence of nonexamining physicians and psychologists *and must address the opinions in their decisions*.

Social Security Ruling 96-5p, 1996 WL 374183, at *6 (interpreting 20 C.F.R. §§ 404.1527(f)(2)(ii) and 416.927(f)(2)(ii)) (emphasis added). *See also Torres v. Barnhart*, 2005 WL 147412, at *6.

   Since Dr. Weiss found, *inter alia*, that Plaintiff "often" had "Deficiencies of Concentration, Persistence or Pace Resulting in Failure to Complete Tasks in a Timely Manner (in work settings or elsewhere)" (T. at 224) it is imperative that the ALJ consider Dr. Weiss' findings and address them in his Decision, particularly with respect to the issue as to whether the Plaintiff has non-exertional limitations that affect her ability to perform light and sedentary work. The ALJ's conclusions also might impact on the propriety of the utilization of the Grid. *See Zorilla v. Chater*, 915 F. Supp. 662, 667 (S.D.N.Y. 1996) (". . . sole reliance on the Grid may be precluded where the claimant's exertional impairments are compounded by significant nonexertional impairments that limit the range of sedentary work that the claimant can

5

perform.").

In recommending remand this Court takes no view whatsoever with respect to the weight, if any, to be given to Dr. Weiss' findings. Nor should it be inferred that this Court has concluded that the ALJ's Decision is not supported by substantial evidence. My only conclusion is that the ALJ's silence with respect to Dr. Weiss' findings creates a gap in the administrative record and indicates that he did not apply the correct legal principle.

**WHEREFORE,** it is hereby

**RECOMMENDED**, that this matter be remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g),[6] for further proceedings consistent with the above.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: February 21, 2006
       Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

[6] Sentence four reads "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2005).